IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-CR-731 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| ERIC KING, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Eric King's ("Defendant" or "King") Motion to Modify or Vacate Supervised Release Prior to Commencement filed on December 29, 2025 ("Defendant's Motion"). (Doc. No. 989.) On December 30, 2025, the United States of America filed the Government's Opposition to Defendant's Motion ("the Government's Opposition). (Doc. No. 991.) On January 5, 2026, King filed a Reply in Support of Defendant's Motion ("Defendant's Reply") and on January 5, 2026, the Government filed a SurReply to Defendant's Reply ("the Government's SurReply"). (Doc. Nos. 992, 993.) Accordingly, Defendant's Motion is ripe for a decision. For the reasons set forth below, Defendant's Motion is DENIED.

On January 13, 2024, this Court imposed concurrent 12-month sentences each on Counts 3, 7-13, 16-17, 19-21, and 24, to run consecutively to concurrent 24-month sentences each on Counts 25, 26 and 28-30. It also ordered King to serve concurrent three-year terms of supervised release on thirteen of the counts of conviction and one-year concurrent terms for the remaining counts of Aggravated Identity Theft. King appealed and the Sixth Circuit affirmed. In Defendant's Motion, King asserts that his term of supervised release was to begin on January 1, 2026.

King cites as statutory authority for his request, 18 U.S.C. § 3583 (e)(2). (Doc. No. 989, PageID # 7810. Doc. No. 992, PageID # 7825.) However, as the Government correctly points out, that subsection only covers two circumstances: (1) extending a term of supervised release; or (2) modifying, reducing, or enlarging conditions of release. (Doc. No. 993, PageID # 7830-31 and cases cited.) King has not requested an extension of his 3-year term of supervised release or a modification, reduction or enlargement of the conditions of his release. Instead, King has requested that this Court terminate his 3-year term of supervised release before it has even begun. It is only 18 U.S.C. § 3583(e)(1) that allows the Court to terminate King's supervised release, but that subsection requires that an applicant wait one year before requesting termination.

Accordingly, Defendant's Motion is DENIED. Once King has completed one year of his 3-year term of supervised release, he may seek termination of his supervised release.

**IT IS SO ORDERED.**

                                              *s/Pamela A. Barker*
                                              PAMELA A. BARKER
Date: January 5, 2026                U. S. DISTRICT JUDGE