IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00731 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| ERIC D. KING, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Currently pending before the Court is Defendant Eric D. King's ("Defendant" or "King") Motion to Vacate or, in the Alternative, Amend the Restitution Order Pursuant to 18 U.S.C. § 3664(o), and, in the Alternative, to Modify the Payment Schedule Pursuant to 18 U.S.C. § 3664(k) filed on January 9, 2026 ("Defendant's Motion").  (Doc. No. 995.)  Also on January 9, 2026, King filed a Motion to Stay Restitution Payments Pending Resolution of Defendant's Motion ("Defendant's Motion to Stay").  (Doc. No. 996.)  On January 13, 2026, the United States of America filed the Government's Opposition to Defendant's Motion and Defendant's Motion to Stay ("the Government's Opposition").  (Doc. No. 997.)  On January 16, 2026, King filed a Reply in Support of Defendant's Motion and Defendant's Motion to Stay ("Defendant's Reply").  (Doc. No. 999.)  Accordingly, Defendant's Motion and Defendant's Motion to Stay are ripe for a decision.  For the reasons set forth below, Defendant's Motion is DENIED and Defendant's Motion to Stay is DENIED AS MOOT.

In the Judgment issued in this matter on January 31, 2024, this Court in relevant part ordered King to pay restitution in the amount of $481,659.08.  (Doc. No. 870, PageID # 6924.)  Specifically, this Court ordered King to pay restitution in the amount of $328,351.68, joint and several with Co-

Defendants Eye for Change Youth & Family Services, Inc. and Alfonzo Bailey ("Co-Defendants") and $153,307.40 solely against King related to his fraudulent conduct at a different mental health agency. (*Id.*, PageID # 6925.) The Judgment indicated that King was to be given credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to King's restitution obligation. (*Id.*, PageID # 6925.) Indeed, the $358,351.68 that this Court ordered King to pay was satisfied when the U.S. Department of Justice remitted forfeited funds from Co-Defendants to the Clerk's Office for the payment of that portion of the restitution order. Thus, the restitution balance owed by King is the $153,307.40 for which King was found solely liable.

King appealed his convictions for Aggravated Identity Theft, and raised four assignments of error associated therewith, but the Sixth Circuit affirmed his convictions. *United States v. King*, No. 24-3095, 2025 WL 1431938 (6th Cir. May 19, 2025), *Certiorari Denied by* ---S.Ct.----, 2026 WL 79760 (Mem). In his direct appeal, King did not challenge the order of restitution as being in violation of law.

Now, King challenges the restitution order and contends that 18 U.S.C. § 3664(o) authorizes this Court to grant Defendant's Motion and vacate the restitution order or amend and reduce the restitution amount. (Doc. No. 995, PageID # 7834.) In the alternative, King asks this Court to modify the restitution payment schedule pursuant to 18 U.S.C. § 3664(k). (*Id.*)

King does not identify the specific provision of subsection 3664(o) that he relies upon for his argument that the restitution order was imposed by this Court in violation of law and therefore, it should be vacated in its entirety or the amount of restitution ordered reduced.

18 U.S.C. § 3664(o)(1)-(2) reads as follows:

> (o)  A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--

2

    (1) Such a sentence can subsequently be—

        (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure[1] and section 3742 of chapter 235 of this title[2];
        (B) appealed and modified under section 3742[3];
        (C) amended under subsection (d)(5)[4]; or

---

[1] King makes it clear in Defendant's Reply that he "does not seek correction under Federal Rule of Criminal Procedure 35, which governs clerical or arithmetical errors and is subject to time limitations not applicable here, but instead invokes § 3664(o)'s express authorization to correct restitution imposed in violation of law." (Doc. No. 999, PageID # 7906.) It is worth noting, however, that King does not identify that portion of § 3664(o) that he asserts contains an "express authorization to correct restitution imposed in violation of law."

[2] Section 3742 of Chapter 235 of Title 18 is captioned "Review of a sentence" and gives a defendant like King the ability to file a notice of appeal in the district court for review of an otherwise final sentence if the sentence in relevant part— "(1) was imposed in violation of law." 18 U.S.C. § 3742(a)(1). King did file a notice of appeal but did not raise as error any issue associated with the restitution ordered by this Court and the Sixth Circuit affirmed King's convictions. 18 U.S.C. § 3742 does not apply to support Defendant's Motion.

[3] King did file a direct appeal, but the Sixth Circuit did not modify the judgment entered by this Court and therefore, section 3742 does not apply to support King's argument.

[4] 18 U.S.C. § 3664(d)(5) provides: "If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief." Thus, by its very language, this subsection has no application to King's argument that the restitution order was imposed in violation of law or should be amended to reduce the restitution amount.

    (D) adjusted under section 3664(k)[5], 3572[6], or 3613A[7]; or

  (2) the defendant may be resentenced under section 3565 or 3614.[8]

18 U.S.C. § 3664(o).

In support of his argument that this Court can and should vacate the restitution order, King cites to several decisions by the Sixth Circuit and one by the Supreme Court that he asserts require "strict, individualized causation findings linking the defendant's personal conduct to the claimed loss" and "[t]aken together ,,, require that restitution be limited to losses that are: directly and proximately caused by the defendant's own conduct; supported by individualized, claim-specific proof; exclusion of organization, administrative, or third-party actions; free from assumption,

---

[5] 18 U.S.C. § 3664(k) reads as follows: "A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require. 18 U.S.C. § 3664(k). So, by its very language, this subsection has no application to King's argument that the restitution order was imposed in violation of law requiring this Court to vacate it. It is this provision that King relies upon in asking this Court to modify or adjust the payment schedule associated with the restitution order.

[6] As relates to restitution, 18 U.S.C. § 3572 reads in relevant part as follows. (1) A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule. (2) If the judgment, or in the case of a restitution order, the order, permits other than the immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made. 18 U.S.C. § 3572(d)(1) and (d)(2). 18 U.S.C. § 3572 also includes subsections defining the terms "Delinquency" and "Default" and providing that when a Default occurs, "the entire amount of the … restitution is due within 30 days after notification of the default, subject to the provisions of section 3613A." 18 U.S.C. §§ 3572(h) and 3772(i). Thus, 18 U.S.C. § 3572 has no application to Defendant's Motion. Indeed, in the Judgment the Court ordered that if a restitution balance remained after King's release from imprisonment, "payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in monthly payments of at least a minimum of 10% of defendant's gross monthly income during the term of supervised release and thereafter as prescribed by law. (Doc. No. 870, PageID # 6925.)

[7] 18 U.S.C. § 3613A is titled "Effect of default" and has no application to Defendant's Motion.

[8] King has not been resentenced either based upon a probation violation pursuant to 18 U.S.C. § 3565(a)(2) or for possession of a controlled substance or firearm or refusal to comply with drug testing or tests positive o illegal controlled substances more than 3 times over the course of 1 year pursuant to 18 U.S.C. 3565(b); or upon failure to pay restitution pursuant to 18 U.S.C. § 3614(a). So, these provisions have no application herein.

extrapolation, or collective attribution; and calculated using reliable factual findings reflected in the record." (Doc. No. 995, PageID # 7837.) King also summarily asserts that "[s]ection 3664(o) authorizes this Court to correct or amend a restitution order imposed in violation of law." (*Id.*) And King asserts that "18 U.S.C. § 3664(k) permits the court to adjust the payment schedule under appropriate circumstances." (*Id.*)

However, each of the cases cited by King for his assertion that this Court can and should vacate the restitution order or reduce the amount of restitution ordered involved a direct appeal from the district court's decision regarding restitution and the appellate court's evaluation of whether the restitution order at issue was issued in violation of law. None of them support the proposition that 18 U.S.C. § 3664(o) authorizes this Court to vacate the restitution order or reduce the amount of restitution ordered.

In *United States v. O'Hara*, 114 F.4th 557, 560 (6th Cir. 2024), the Sixth Circuit explained in relevant part as follows:

> When a court imposes a sentence, "it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.' *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) (per curiam); *see also United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010); *see generally* 18 U.S.C. § 3582. And a restitution order 'is a part of one's sentence.' *United States v. Winans*, 748 F.3d 268, 271 (6th Cir. 2014) (citation omitted). So if a court wants to change a restitution order, it must point to express statutory authorization to do so. *See Hammond*, 712 F.3d at 335; *United States v. Harvey*, 20 F. 4th Cir. 71, 75 (1st Cir. 2021).
>
> Only a few statutory provisions—mainly in 18 U.S.C. § 3664—expressly allow modification in this context. *See* 18 U.S.C. § 3663A(d) ("An order of restitution under this section shall be issued and enforced in accordance with section 3664.") For example, § 3664(o) lists a handful of ways a restitution order may be altered.
>
> Specifically, § 3664(o) states that a "sentence that imposes an order of restitution is a final judgment notwithstanding" certain situations. A final restitution order may be "corrected under Rule 35 of the Federal Rules of Criminal Procedure," "appealed and modified under section 3742," "amended" if the victim's losses are not ascertainable

5

>at sentencing, "adjusted due to changed economic circumstances, or modified if the defendant is "resentenced." 18 U.S.C. § 3664(o)(1)-(2). None of these apply here. So the district court could not use them to amend the judgment. *See Harvey*, 20 F.4th at 78 (overturning a district court's modification of a judgment when "none of the avenues for modifying a sentence imposing a restitution order provided in 18 U.S.C. § 3664(o) appl[ied]").

*United States v. O'Hara*, 114 F.4th at 560-61.

So, too herein, other than allowing for an adjustment of the payment schedule pursuant to 18 U.S.C. § 3664(o)(1)(D) upon King demonstrating "a material change in the defendant's economic circumstances that might affect [his] ability to pay restitution", none of the avenues for vacating or modifying this Court's sentence of King that included the restitution order apply. King has not identified any other statute that would give this Court the authority to vacate the restitution order or reduce the amount of restitution.

As to King's request to modify or adjust the payment schedule pursuant to 18 U.S.C. § 3664(k), and as the Government points out, King has not demonstrated that a material change in his economic circumstances has occurred that might affect his ability to pay restitution. Indeed, in both Defendant's Motion and Defendant's Reply which was filed after the filing of the Government's Opposition that raised the issue that King had not demonstrated a material changed in his economic circumstances that might affect his ability to pay, and while merely mentioning that he would like the payment scheduled modified, King's requested relief is limited only to vacating the restitution order or reducing the amount. (Doc. No. 995, PageID # 7847; Doc. No. 999, PageID # 7911).

For the reasons set forth herein, Defendant's Motion is DENIED and since this Court has now ruled upon Defendant's Motion, Defendant's Motion to Stay is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: February 2, 2026

        *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE